FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 9 2022

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL MITCHELL, KALIN HUSKEY,　　　　　　　　　　　　　　　　PLAINTIFFS
TERELL LUNNIE, ADRIAN KESLER,
SAPIEN TILLMAN, WILLIAM RIDGELL
and SASCHA MALONE

vs.                              No. 4:19-cv-783-LPR

BROWN'S MOVING & STORAGE, INC.                              DEFENDANT

### FIRST AMENDED AND SUBSTITUTED COMPLAINT

COME NOW Plaintiffs Michael Mitchell, Kalin Huskey Terell Lunnie, Adrian Kesler, Sapien Tillman, William Ridgell and Sascha Malone, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint against Defendant Brown's Moving & Storage, Inc. ("Defendant"), state and allege as follows:

**I.    PRELIMINARY STATEMENTS**

1.    Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiffs a lawful minimum wage and overtime compensation for hours worked in excess of forty (40) hours per week.

2.    Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully violated the FLSA as described, *infra*.

3. The purpose of this First Amended and Substituted Complaint is to add Adrian Kesler, Sapien Tillman, William Ridgell and Sascha Malone as plaintiffs and to remove all collective action allegations.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims.

6. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this district and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to the overtime violations reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III.   THE PARTIES

11. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff Michael Mitchell is a citizen and resident of Pulaski County.

13. Plaintiff Kalin Huskey is a citizen and resident of Franklin County, Ohio.

14. Plaintiff Terell Lunnie is a citizen and resident of Pulaski County.

15. Plaintiff Adrian Kesler is a citizen and resident of White County.

16. Plaintiff Sapien Tillman is a citizen and resident of Pulaski County.

17. Plaintiff William Ridgell is a citizen and resident of Jefferson County.

18. Plaintiff Sascha Malone is a citizen and resident of Faulkner County.

19. Defendant Brown's Moving & Storage, Inc., is a for-profit corporation created and existing under and by virtue of the laws of the State of Arkansas, providing moving, packing and delivery services under the name Blue Truck Moving & Delivery.

20. Defendant's principal address is 12 Shackleford Ridge Road, Little Rock, Arkansas, 72204.

21. The Arkansas Secretary of State's online business entity database indicates that Defendant's registered agent for service of process has resigned. Thus, service may be made on its corporate officer and president, Anita Fiser, or other corporate agent duly authorized to receive service of process on behalf of Defendant at Defendant's principal address.

## IV.   FACTUAL ALLEGATIONS

22. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

23. Plaintiffs worked for Defendant as Movers within the three years preceding the filing of this Complaint.

24. Plaintiffs worked for Defendant as Movers out of Defendant's location in Little Rock.

25. Plaintiffs were paid based on a percentage of the fee charged by Defendant to its customers for each moving job they completed.

26. At all material times, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

27. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

28. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as moving trucks and equipment and office and telecommunication equipment.

29. Defendant was at all relevant times Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

30. Within the three years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiffs.

31. Plaintiffs performed duties such as traveling to meet with Defendant's customers, assisting customers with moving tasks, transporting customers' personal property, and setting up and installing customers' personal property.

32. Plaintiffs were regularly required to and did work in excess of forty (40) hours per week.

33. Plaintiffs were paid a varying percentage of the total moving job price.

34. If Plaintiffs delivered furniture that the customer returned, Plaintiffs were not paid at all for that delivery job.

35. Because Plaintiffs were paid based on a percentage of the fee charged by Defendant to its customers, not on an hourly rate, Plaintiffs' effective hourly rates regularly fell below the applicable minimum wage.

36. For example, in the week of August 19 to August 24, 2019, Plaintiff Mitchell worked 75 hours for $487.52 in pay, as calculated by Defendant's percentage fee arrangement.

37. Plaintiffs Huskey and Lunnie worked as many as 90 hours per week and were paid as little as $650.00 or less in those weeks.

38. Defendant did not keep track of Plaintiffs' hours of work.

39. Defendant had no policy or practice in which it audited Plaintiffs' hours of work and pay to determine whether Plaintiffs made a minimum hourly wage for all hours worked per week.

40. It was Defendant's commonly applied policy not to pay Plaintiffs for all hours worked in excess of forty (40) in a week, such as time spent traveling between and working at customer locations or working at Defendant's warehouse.

41. Defendant did not pay Plaintiffs any overtime premium for hours worked in excess of forty (40) in a week.

42. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs violated the FLSA and the AMWA.

## V.   FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

43. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

44. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48. Defendant failed to pay Plaintiffs a lawful minimum wage and overtime premium.

49. By the acts and conduct described above, Defendant willfully violated the provisions of the FLSA and disregarded the rights of Plaintiffs to receive a lawful minimum wage and overtime premium.

50. Defendant's conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid minimum wages, unpaid overtime wages,

liquidated damages, prejudgment interest and costs, including a reasonable attorney's fee, as provided by the FLSA.

## VI.   SECOND CAUSE OF ACTION
### (Individual Claims for Violation of the AMWA)

52. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section

53. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-203(4).

54. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

55. Defendant failed to pay Plaintiffs all minimum and overtime wages owed, as required under the AMWA.

56. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee, as provided by the AMWA, for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' Original Complaint, plus periods of equitable tolling.

58. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Michael Mitchell, Kalin Huskey, Terell Lunnie, Adrian Kesler, Sapien Tillman, William Ridgell and Sascha Malone

respectfully pray that Defendant be summoned to appear and to answer this Complaint and for the following relief:

    A.    That Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

    B.    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and their relating regulations;

    C.    Judgment for damages for all unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and their relating regulations;

    D.    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and their relating regulations in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiffs during the applicable statutory period;

    E.    An order directing Defendant to pay Plaintiffs prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

    F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MICHAEL MITCHELL, KALIN HUSKEY, TERELL LUNNIE, ADRIAN KESLER, SAPIEN TILLMAN, WILLIAM RIDGELL and SASCHA MALONE, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com