**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MICHAEL MITCHELL, et al.**                                            **PLAINTIFFS**

**v.**                                    **Case No. 4:19-CV-783-LPR**

**BROWN'S MOVING & STORAGE, INC.**                                 **DEFENDANT**

## ORDER

Plaintiffs brought this action, *Mitchell, et al. v. Brown's Moving & Storage, Inc.*, and *Liles, et al. v. Brown's Moving and Storage, Inc.*, under the Fair Labor Standards Act and the Arkansas Minimum Wage Act.[1]  The two cases were each terminated individually pursuant to respective Joint Stipulations of Dismissal.[2]  However, the potential for Plaintiffs to petition the Court for costs and attorneys' fees was left open.[3]  Because of the similarity of the claims and parties, the cases were then consolidated to "more efficiently adjudicate Plaintiffs' claims for attorneys' fees and preserve valuable court resources."[4]

Now before the Court is Plaintiffs' Motion for Costs and Attorneys' Fees.  Plaintiffs seek $27,213.80 in fees and $996.50 in costs.[5]  The Motion is GRANTED in part and DENIED in part.  Based on the reasoning below, the Court awards $2,831.88 in fees and $956.55 in costs.

---

[1] Compl. (Doc. 1); *Liles v. Brown's Moving and Storage Inc.*, No. 4:21-cv-00323-LPR, Compl. (Doc. 1).

[2] Joint Stipulation of Dismissal (Doc. 61); *Liles*, Joint Stipulation of Dismissal (Doc. 18).

[3] Joint Stipulation of Dismissal (Doc. 61); *Liles*, Joint Stipulation of Dismissal (Doc. 18).

[4] *Liles*, Joint Mot. to Consolidate ¶ 8 (Doc. 19).

[5] Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63).

## BACKGROUND

Plaintiffs filed *Mitchell* on November 6, 2019.[6]  Plaintiffs worked as Movers for Brown's Moving & Storage, Inc. ("Brown's").[7]  They alleged that Brown's failed to pay them the minimum wage and proper overtime wages in violation of the FLSA and the AMWA.[8]  They sought to certify a collective action consisting of all persons who worked as Movers for Brown's any time after November 6, 2016.[9]

The Court granted in part and denied in part that Motion.[10]  The Court conditionally certified a far narrower class: "all Drivers or Helpers that had the job of operating a box truck for moving and delivery of goods for Defendant's customers during any part of the period from April 9, 2019 through November 5, 2019."[11]  As a result of this narrowing, the companion case, *Liles*, was filed.[12]  That case involved the same claims but was intended to encompass a class of plaintiffs who were excluded from the narrower scope of *Mitchell*.[13]  Specifically, the class set out in the *Liles* Complaint was: "[a]ll drivers or helpers that had the job of operating a box truck for moving and delivery of goods for Brown's Moving & Storage, Inc.'s, customers during any part of the period from July of 2018 through April 9, 2019, and/or November 5, 2019, through July of 2020 and/or October of 2020 through March of 2021."[14]  *Liles* involved the same Plaintiff attorneys as *Mitchell*.

---

[6] Compl. (Doc. 1).

[7] *Id.* ¶¶ 1–2.

[8] *Id.* ¶ 2.

[9] Pls.' Mot. for Conditional Certification (Doc. 10) ¶ 3.

[10] Order (Doc. 25).

[11] *Id.* at 7.

[12] *Liles*, Compl. (Doc. 1).

[13] *Id.* ¶ 4.

[14] *Id.* ¶ 68.

On August 30, 2021, the parties in both cases notified the Court that the "Plaintiffs and Defendant have reached a liability-only settlement in principle that will resolve Plaintiffs' claims for unpaid wages and liquidated damages . . . ."[15]  Several months later, a Joint Stipulation of Dismissal of Plaintiffs' Liability Claims with Prejudice was filed in *Liles*.[16]  A similar filing was made in *Mitchell* one month after that.[17]  The cumulative award to the Plaintiffs totaled $2,500 ($1,250 from each case).[18]  Because there were fourteen recovering plaintiffs across the two cases (seven in each), each Plaintiff received $178.57.  In both filings, the parties were clear that the determination of attorneys' fees and costs was still to be determined.[19]

Noting that the claims and attorneys in each case were identical, the parties then moved to consolidate the two cases by merging *Liles* with *Mitchell*.[20]  The parties stated that the purpose of such consolidation was to "more efficiently adjudicate Plaintiffs' claims for attorneys' fees and preserve valuable court resources."[21]  The Court granted that Motion on February 15, 2022.[22]

Plaintiffs' Counsel, Sanford Law Firm (SLF), has now filed the instant Motion seeking $27,213.80 in fees and $996.50 in costs.[23]  SLF used the lodestar method to calculate the fees it

---

[15] Joint Notice of Liability Settlement (Doc. 48); *Liles*, Joint Notice of Liability Settlement (Doc. 9).  In this context, the word "liability" appears to be inclusive of damages.

[16] *Liles*, Joint Stipulation of Dismissal (Doc. 18).

[17] Joint Stipulation of Dismissal (Doc. 61).

[18] Ex. 1 to Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65-1).

[19] Joint Stipulation of Dismissal (Doc. 61); *Liles*, Joint Stipulation of Dismissal (Doc. 18).

[20] *Liles*, Joint Mot. to Consolidate (Doc. 19).

[21] *Id.*

[22] *Liles*, Order (Doc. 20).

[23] Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63).

claims.  SLF's requested rates, hours, and total fees in *Mitchell* are summarized below in two different ways.[24]

| Billing Individual | Requested Hourly Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| Blake Hoyt | $175.00 | 26.9 | $4,707.50 |
| Courtney Harness | $300.00 | 4.1 | $1,230.00 |
| Josh Sanford | $383.00 | 13.2 | $5,055.60 |
| Law Clerk | $75.00 | 8.9 | $667.50 |
| Paralegal | $100.00 | 19.0 | $1,900.00 |
| Samuel Brown | $150.00 | 4.4 | $660.00 |
| Steve Rauls | $285.00 | 7.2 | $2,052.00 |
| Vanessa Kinney | $300.00 | 21.9 | $6,570.00 |
| Total | | 105.6 | $22,842.60 |

| Category | Time Claimed |
|---|---|
| Case Management | 3.8 |
| Client Communication | 14.5 |
| Collective Management | 7.5 |
| Complaint/Summons/Service | 5.9 |
| Conditional Certification | 29.1 |
| Court Communication | 0.5 |
| Damages Calculation | 1.2 |
| Discovery-Related Work | 3.3 |
| Fee Petition | 5.6 |
| In-House Communication | 14.3 |
| Motion to Strike | 5.8 |
| Opposing Counsel Communication | 9.1 |
| Settlement-Related Work | 5.0 |
| Total | 105.6 |

---

[24] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) at 6–7, 11–12.  SLF notes that it applied reductions to its time billed before submitting its Motion. *Id.* at 11–12.  SLF's self-imposed reductions have no bearing on the Court's calculation of an appropriate attorneys' fee award in this case. *See Wolfe v. Affordable Rooter Serv., LLC*, No. 4:20-CV-00156-LPR, 2022 WL 2352364, at *2 n.21 (E.D. Ark. Mar. 30, 2022) (stating that a lawyer's self-imposed reductions are not considered in attorneys' fees calculation because "it is the duty of the requesting party to make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary" (quoting *Oden v. Shane Smith Enters., Inc.*, 27 F.4th 631, 634 (8th Cir. 2022))).

Likewise, SLF's requested rates, hours, and total fees in *Liles* are summarized below in two different ways.[25]

| Billing Individual | Requested Hourly Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| Courtney Harness | $300.00 | 2.8 | $840.00 |
| Josh Sanford | $383.00 | 3.9 | $1,493.70 |
| Law Clerk | $75.00 | 5.9 | $442.50 |
| Paralegal | $100.00 | 9.2 | $920.00 |
| Samuel Brown | $150.00 | 2.7 | $405.00 |
| Vanessa Kinney | $300.00 | 0.9 | $270.00 |
| Total | | 25.4 | $4,371.20 |

| Category | Time Claimed |
|---|---|
| Case Management | 0.4 |
| Client Communication | 5.6 |
| Complaint/Summons/Service | 3.0 |
| Conditional Certification | 6.3 |
| Damages Calculation | 0.4 |
| Fee Petition | 0.9 |
| In-House Communication | 3.2 |
| Opposing Counsel Communication | 2.7 |
| Settlement-Related Work | 2.9 |
| Total | 25.4 |

As for costs, SLF requests $996.50 related to filing fees, service fees, postage, and copying.[26]

Brown's objects to SLF's fee request. It principally argues that SLF's requested hourly rates are too high and that a lot of the hours SLF claims were not reasonably expended.[27] Brown's also objects to the costs request, arguing that SLF requested excessive postage costs for soliciting opt-in plaintiffs, and that several of SLF's cost entries are too vague to be compensable.[28]

---

[25] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) at 6–7, 12.

[26] Ex. 4 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-4); Ex. 5 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-5).

[27] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65).

[28] *Id.* at 19.

The parties' serious disagreement regarding fees is understandable. While SLF claims a significant amount of time put into these cases, there was not a lot of work product to show for it. Between *Mitchell* and *Liles*, only one substantive motion was filed. And although discovery in these cases included an "exchange of relevant documents used to assess liability, calculate damages and facilitate settlement negotiations,"[29] no depositions were taken. Of course, the parties also engaged in settlement negotiations.[30]

## LODESTAR ANALYSIS

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ."[31] To determine a reasonable fee award, the Eighth Circuit directs district courts to use the lodestar method, wherein the number of hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[32] The court should "exclude hours that were not reasonably expended from its calculations."[33] The resulting product of the multiplication calculation serves as the lodestar—a starting point that may be adjusted "upward or downward on the basis of the results obtained."[34]

---

[29] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 40.

[30] *Id.* ¶ 44.

[31] 29 U.S.C. § 216(b).

[32] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021).

[33] *Id.* (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)).

[34] *Dean v. Bradford Ests., LLC*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *1 (E.D. Ark. Nov. 24, 2020) (quoting *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003)). A court may also consider the factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Vines*, 9 F.4th at 855. The *Johnson* factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & 430 n.3 (1983) (citing *Johnson*, 488 F.2d at 717–19).

## I.     Reasonable Hourly Rates

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'"[35]  The hourly attorney rates requested by SLF in this case exceed the prevailing market rate.  Judges in the Eastern and Western Districts of Arkansas routinely reject as unreasonable hourly rates of $300+ for Mr. Sanford and $200+ for more junior attorneys.[36]  Based on its experience and knowledge of the local market and this District's precedent, the Court finds the following rates (and nothing higher) to be reasonable: $250 for Mr. Sanford; $175 for Ms. Kinney, Mr. Rauls, and Ms. Harness; $125 for Mr. Brown and Mr. Hoyt; $100 for the Paralegal; and $25 for the Law Clerk.[37]

## II.     Reasonable Time Expended

SLF claims that it is entitled to fees for 131.0 hours of work in *Mitchell* and *Liles* combined. After a careful, line-by-line review of SLF's requested time, the Court concludes that only 83.0 total hours were reasonably expended.  To get this number, the Court added together the reasonable time from *Mitchell* with the reasonable time from *Liles*.

### A.     Reasonable Time in *Mitchell*

SLF claims 105.6 hours related to work in *Mitchell*.[38]  For the reasons discussed below, the Court finds that only 71.2 hours were reasonably expended.  Below the Court specifies the number

---

[35] *Beauford v. ActionLink, LLC*, No. 4:12-CV-00139-JLH, 2014 WL 183904, at *3 (E.D. Ark. Jan. 15, 2014) (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002)).

[36] *See Ewing v. Pizza Czar, Inc.*, No. 3:19-CV-00232-LPR, 2022 WL 614932, at *6 (E.D. Ark. Mar. 2, 2022) (lowering the rates for Mr. Sanford to $250; for Ms. Kinney and Mr. Rauls to $175; and for Mr. Brown to $125); *Bonds v. Langston Cos., Inc.*, No. 3:18-CV-00189-LPR, 2021 WL 4130508, at *3 n.26 (E.D. Ark. Sept. 9, 2021) (collecting cases).

[37] *See Bryan v. Mississippi Cnty.*, No. 3:18-CV-00130-DPM, 2020 WL 9048650, at *2 (E.D. Ark. May 12, 2020) (reducing the hourly rate for law clerks to $25); *Murdock v. McNair*, No. 5:17-CV-05225, 2018 WL 6314569, at *2 (W.D. Ark. Dec. 3, 2018) (same).

[38] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

of hours reasonably expended by each timekeeper as well as the overall lodestar amount attributable to that timekeeper.

### 1.    Mr. Sanford's Hours

Mr. Sanford claims 13.2 hours related to the *Mitchell* case.[39]  For the reasons that follow, the Court concludes that only 7.8 hours can reasonably be included in the lodestar calculation. Multiplied by his reasonable rate of $250, Mr. Sanford contributes $1,950.00 to the overall lodestar.

### a.    Case Management

Mr. Sanford claims 1.5 hours related to "Case Management."[40]  This includes time spent examining various docket entries and orders.  Brown's objects generally to the Case Management category, arguing that these hours are unnecessary and excessive.[41]  With respect to Mr. Sanford, the Court finds that 1.2 of the 1.5 hours should be excluded.  These hours include examining various docket entries that are only a few sentences long and are clerical and administrative in nature.[42]  Additionally, many of these billing entries are duplicative of work already billed by another attorney in the case.[43]  Thus, the Court finds that only 0.3 of these hours can reasonably be included in the lodestar calculation.

---

[39] *Id.*

[40] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 1–2, 4, 6–7, 12, 14–15, 18.

[41] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65) at 14.

[42] *See, e.g.*, Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 12, 15 (billing on 3/3/2021 for examining a text order from the Court granting a Motion to Withdraw one of SLF's attorneys; billing on 8/13/2021 for examining a text order granting a Motion to Extend Deadline).  Additionally, while not a docket entry, SLF billed on 10/8/2019 for receiving and opening a "firm file."  *Id.* at 1.  This is administrative and not compensable.

[43] *See, e.g., id.* at 7 (Mr. Hoyt and Mr. Sanford both billing for "Examination of amended FSO" on 5/4/2020).

### b.      Collective Management

Mr. Sanford claims 0.5 hours related to "Collective Management."[44]  This includes time spent working on notice documents.  The Court is excluding 0.1 of these hours related to examining a short text order denying Brown's Motion to Object to Consents.[45]  This entry is duplicative of Mr. Hoyt's entry billing for the same.[46]

Brown's also objects globally to entries related to revising notice documents, because the Court "ordered these revisions by pointing SLF to a previous order in a case where SLF was plaintiffs' counsel."[47]  According to Brown's, it "should not have to pay for SLF not complying with a prior order . . . ."[48]  But this prior order was in a different case.  SLF is allowed to ask for a form of notice in the instant case that is different from what has been ordered in prior cases. Thus, the Court finds that the hours related to revising the notice documents were reasonably expended. Overall, 0.4 of Mr. Sanford's hours for collective management can reasonably be included in the lodestar calculation.

### c.      Complaint/Summons/Service

Mr.    Sanford    claims    0.7    hours    related    to    a    category    entitled "Complaint/Summons/Service."[49]  This includes time spent editing, revising, and finalizing the Complaint, and examining Brown's Answer to the Complaint.  Brown's argues that the total time SLF claims for this work in both *Mitchell* (5.9 hours) and *Liles* (3.0 hours) is excessive.  First, Brown's argues that in a prior case, *Bonds v. Langston Companies, Inc.*, this Court found that 1.4

---

[44] *Id.* at 9–10.

[45] *Id.* at 9.

[46] *Id.*

[47] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65) at 14.

[48] *Id.*

[49] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 2–3.

hours was reasonable for such work.[50]   Second, Brown's argues that the *Liles* complaint was essentially a verbatim copy of the *Mitchell* complaint.[51]   SLF argues that the 1.4 hours claimed in *Bonds* only included editing and revision time, not drafting time.[52]

The Court agrees with Brown's that the overall time requested in this category is excessive. SLF has extensive experience litigating FLSA cases and preparing related complaints.   And the *Liles* case mirrored the *Mitchell* case.   Thus, the Court concludes that a 50% global reduction in requested time in this category for both cases is warranted.   Accordingly, the Court finds that 0.4 of these hours can reasonably be included in the lodestar calculation.[53]

### d.   Conditional Certification

Mr. Sanford claims 1.8 hours related to "Conditional Certification."[54]   This includes time spent examining, editing, and revising documents related to the Motion for Conditional Certification.   Brown's argues that the 29.1 total hours SLF requests related to conditional certification in *Mitchell* are excessive.[55]   Brown's points to *Bonds*, in which this Court reduced SLF's requested time for conditional certification from 10.65 hours to 6 hours.[56]   SLF responds that *Mitchell* called for more work than *Bonds* because, in *Mitchell*, SLF was required to "defend the sanctity of the standard two-step approach to conditional certification . . . ."[57]   The Court agrees that this case may have required some additional research and writing.   However, 29.1 hours is

---

[50] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65) at 13 (citing No. 3:18-CV-00189-LPR, 2021 WL 4130508, at *4).

[51] *Id.*

[52] Pls.' Reply in Supp. of Pls.' Mot. for Costs and Att'ys' Fees (Doc. 66) at 14–15.

[53] The Court rounds 0.35 up to 0.4.

[54] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 6, 8.

[55] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65) at 13.

[56] *Id.*

[57] Pls.' Reply in Supp. of Pls.' Mot. for Costs and Att'ys' Fees (Doc. 66) at 15.

excessive.  From prior cases, the Court knows that the ongoing debate about the propriety of the two-step approach is familiar territory for SLF.  Updated research and writing should not have taken this long.  Accordingly, the Court will make a 50% reduction globally to the hours SLF requests related to conditional certification.  As applied to Mr. Sanford's hours, 0.9 of his 1.8 requested hours can reasonably be included in the lodestar calculation.

### e.     Court Communication

Mr. Sanford claims 0.2 hours related to "Court Communication."[58]  This includes time spent receiving, reading, and preparing responses to emails with chambers.  The Court concludes that this work is clerical and administrative, and should thus be excluded from the lodestar calculation.[59]

### f.     Discovery-Related Work

Mr. Sanford claims 0.4 hours related to discovery.[60]  This includes time spent examining Defendant's disclosures and scheduling a deposition.  The Court is excluding the 0.2 hours billed for scheduling a deposition from the lodestar calculation because it is clerical and administrative work.[61] Thus, the Court finds that 0.2 of these hours can reasonably be included in the lodestar calculation.

---

[58] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 7, 19.

[59] It may be that a particular examination of or response to a chambers email is not clerical work.  But SLF provided no detail to support such a conclusion.  SLF may, if it chooses, file a motion for reconsideration with more detailed descriptions.  If it does so, the Court will re-evaluate these entries. *Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed.").

[60] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 6, 13.

[61] *Id.* at 13.

### g.   In-House Communication

Mr. Sanford claims 4.7 hours for "In House Communication."[62]  SLF has been chastised in the past for excessive intraoffice communication.[63]  After a careful and line-by-line review, the Court is excluding 2.4 of these hours from the lodestar calculation.[64]  A number of these entries include conferencing and emailing with the initials of a person not staffed on this case.[65]  It is excessive to bill for communications with attorneys beyond those staffed in the case, especially given that the case already had six attorneys working on it.  Several other entries are too vague to evaluate.[66]  Thus, the Court will only include 2.3 of Mr. Sanford's in-house communication hours in the lodestar calculation.

### h.   Motion to Strike

Mr. Sanford claims 0.7 hours related to a category entitled "Motion to Strike."[67]  This category encompasses work related to Brown's Motion to Object to Consents.   Mr. Sanford's entries include time spent examining the Motion, performing legal research on the issue, and drafting a response.   Brown's argues that these hours should not be included in the lodestar

---

[62] *Id.* at 1–4, 6–17, 19.

[63] *See, e.g.*, *Oden*, 27 F.4th at 631 ("Essentially, SLF takes low-stakes FLSA cases, overstaffs them, and asks defendants to pay for its inefficiencies."); *Hill-Smith v. Silver Dollar Cabaret, Inc.*, No. 5:20-CV-5051, 2020 WL 4741917, at *3 (W.D. Ark. Aug. 14, 2020) ("[SLF] may choose to have Mr. Sanford personally oversee every aspect of run-of-the-mill motion practice requiring no court appearance, but it will not be permitted to pass the associated costs of doing so on to Defendants."); *Beasley v. Macuil's Tire & Serv. Ctr., LLC*, No. 4:19-CV-00471, 2020 WL 3472556, at *2 (E.D. Ark. June 25, 2020) ("The time records are replete with instances of objectionable billing practices, including an excess of intraoffice communications, duplicate document reviews by multiple lawyers, billing at lawyers' rates for clerical work, etc.").

[64] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 1–4, 7–8, 10–16.

[65] *See, e.g., id.* at 4, 7, 13 (billing on 3/30/2020 for "Conference with GS"; billing on 10/26/2020 for "Conference with AS: new P"; billing on 5/20/2021 for "Conference with MCP: depos").  None of these initials match up with the initials of any SLF timekeeper staffed on this case.

[66] *See, e.g., id.* at 16 (billing on 8/31/2021 for "Examination of IOM: next steps").  This is a recurring issue throughout. SLF may, if it chooses, file a motion for reconsideration with more detailed descriptions.  If it does so, the Court will re-evaluate these entries. *Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed.").

[67] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 8.

calculation because SLF never filed a response to Brown's Motion.[68]  SLF argues that, even though a response was never filed, this was work that a reasonable attorney would have conducted.[69] Spending 0.3 hours examining Brown's motion and supporting brief and spending 0.3 hours conducting legal research on the issue is reasonable.  This work was necessary to evaluate the motion and consider next steps in the case.  However, the Court is excluding 0.1 hours for drafting a response.[70]  SLF has not provided any reasons for why it was reasonable to draft a response but not file it.  The Court concludes that only 0.6 of the 0.7 hours can reasonably be included in the lodestar calculation.

### i.      Opposing Counsel Communication

Mr. Sanford claims 2.4 hours related to communications with opposing counsel.[71]  After a careful review, the Court finds that all 2.4 of these hours can reasonably be included in the lodestar calculation.

### j.      Settlement-Related Work

Mr. Sanford claims 0.3 hours for work related to settling the case.[72]  The Court concludes that all 0.3 of these hours can reasonably be included in the lodestar calculation.

### 2.      Mr. Hoyt's Hours

Mr. Hoyt claims 26.9 hours related to the *Mitchell* case.[73]  For the reasons that follow, the Court concludes that only 19.3 hours can reasonably be included in the lodestar calculation. Multiplied by his reasonable rate of $125, Mr. Hoyt contributes $2,412.50 to the overall lodestar.

---

[68] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65) at 14.

[69] Pls.' Reply in Supp. of Pls.' Mot. for Costs and Att'ys' Fees (Doc. 66) at 17.

[70] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 8.

[71] *Id.* at 3, 10–11, 13–16, 20.

[72] *Id.* at 14, 18, 20.

[73] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

### a.    Case Management

Mr. Hoyt claims 2.2 hours related to "Case Management."[74]  This includes time spent examining various docket entries and orders.  After a careful review, the Court is excluding 0.8 of these hours from the lodestar calculation.[75]  These hours include examining various text orders that are only a few sentences long; this is clerical and administrative work.[76]  Thus, the Court will include only 1.4 of these hours in the lodestar calculation.

### b.    Client Communication

Mr. Hoyt claims 3.9 hours related to communicating with clients in the case.[77]  After a careful review, the Court is excluding 0.2 of these hours because they are too vague to evaluate.[78]  The Court will thus include only 3.7 of these hours in the lodestar calculation.

### c.    Collective Management

Mr. Hoyt claims 3.0 hours related to "Collective Management."[79]  This includes time spent examining signed Consents to Join and related orders, and editing and revising notice documents and related orders.  For the reasons discussed *supra* Section II.A.1.b, the Court finds that all 3.0 of these hours can reasonably be included in the lodestar calculation.

---

[74] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 2–5, 7–9, 12.

[75] *Id.* at 2, 5, 7–9.

[76] *See, e.g., id.* at 7–8 (billing on 5/4/2020 for "Examination of notice of docket correction"; billing on 9/23/2020 for "Examination of Order granting Mot[.] to Extend"; billing on 1/11/2021 for examining a motion to withdraw one of SLF's attorneys).

[77] *Id.* at 1–3, 5, 7–9.

[78] *Id.* at 1–2 (billing on 10/9/2019 for composing an electronic communication to staff "re comms w/ Pl-K.H."; billing on 11/6/2019 for conference with client "re status update and next steps").  *See supra* note 66.  If further description would create privilege issues, the relevant portions of the reconsideration request (those that involve attorney-client privilege) can be filed *ex parte* and under seal.  The foregoing applies to the rest of this opinion as well.

[79] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 9–12.

### d.      Complaint/Summons/Service

Mr. Hoyt claims 2.2 hours related to a category entitled "Complaint/Summons/Service."[80] For the reasons discussed *supra* Section II.A.1.c, the Court will make a 50% reduction to these hours.  Thus, 1.1 of these hours can reasonably be included in the lodestar calculation.

### e.      Conditional Certification

Mr. Hoyt claims 5.8 hours related to "Conditional Certification."[81]  These hours include time spent examining, preparing, and editing the Motion for Collective Action and related documents.  The Court is excluding 0.1 hours related to examining a one-sentence text order granting Plaintiffs' unopposed Motion for Leave to file a Reply in support of Plaintiffs' Motion for Conditional Certification.[82]  This work is clerical and administrative, and not compensable. Additionally, as explained *supra* Section II.A.1.d, the Court will reduce Mr. Hoyt's hours related to conditional certification by 50%.  Thus, only 2.9 of these hours can reasonably be included in the lodestar calculation.[83]

### f.      Court Communication

Mr. Hoyt claims 0.2 hours related to communications with the Court.[84]  The Court is excluding these entries because emailing with chambers is clerical and administrative, and not compensable.[85]

---

[80] *Id.* at 1–3.

[81] *Id.* at 4–6, 9.

[82] *Id.* at 6.

[83] The Court rounds 2.85 up to 2.90.

[84] *Id.* at 7, 10.

[85] *See supra* note 59.

### g.      Discovery-Related Work

Mr. Hoyt claims 0.3 hours related to discovery.[86]  These hours include examining and editing the Fed. R. Civ. P. 26(f) report, and editing and revising "Plaintiffs' IDs."[87]  The Court finds that all 0.3 of these hours can reasonably be included in the lodestar calculation.

### h.      In-House Communication

Mr. Hoyt claims 8.8 hours for "In House Communication."[88]  After a careful and line-by-line review of these entries, the Court concludes that 2.4 of these hours should be excluded.  These entries include conferencing and emailing with the initials of a person not staffed on this case.[89]  Thus, only 6.4 of these hours can reasonably be included in the lodestar calculation.

### i.      Opposing Counsel Communication

Mr. Hoyt claims 0.5 hours for communications with opposing counsel.[90]  The Court concludes that all 0.5 of these hours can be reasonably included in the lodestar calculation.

### 3.      Ms. Kinney's Hours

Ms. Kinney claims 21.9 hours in *Mitchell*.[91]  These hours are composed of 5.6 hours related to the fee petition, and 16.3 hours related to "Conditional Certification."[92]  With respect to the fee petition, only 2.8 hours are reasonable.  The other 2.8 hours include time spent making reductions and edits to the billing spreadsheet.[93]  The Court has previously held that time spent reducing

---

[86] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 4–5.

[87] "IDs" appears to be Initial Disclosures.

[88] *Id.* at 1–12.

[89] *Id.* at 1–4, 6, 9–12.  *See supra* note 65.

[90] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 4–7.

[91] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

[92] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 6, 20.

[93] *Id.* at 20.

unnecessary entries is not reasonably expended and thus not compensable.[94]   Additionally, as explained *supra* Section II.A.1.d, the Court will reduce Ms. Kinney's hours related to conditional certification by 50% to 8.2.[95]  Thus, overall, 11.0 of Ms. Kinney's hours can reasonably be included in the lodestar calculation.  Multiplied by her reasonable rate of $175, Ms. Kinney contributes $1,925.00 to the overall lodestar.

### 4.      Ms. Harness's Hours

Ms. Harness claims 4.1 hours in *Mitchell*.[96]  These hours are composed of 0.8 hours of "In House Communication," 2.9 hours of "Client Communication," 0.2 hours of "Opposing Counsel Communication," and 0.2 hours of "Damages Calculations."[97]  The Court is excluding 0.3 hours related to "Client Communication" because these entries are too vague to evaluate.[98]  Additionally, the Court is excluding 0.4 hours related to "In House Communication" because they relate to time spent conferencing with someone whose initials do not match the initials of any timekeeper listed on this case.[99]  Thus, the Court concludes that only 3.4 hours can reasonably be included in the lodestar calculation.  Multiplied by her reasonable rate of $175, Ms. Harness contributes $595.00 to the overall lodestar.

### 5.      Mr. Brown's Hours

Mr. Brown claims 4.4 hours for work in *Mitchell*.[100]  These hours are composed of 2.2 hours of "Opposing Counsel Communication," 1.1 hours of "Settlement Related" work, 1.0 hour

---

[94] *Wolfe*, 2022 WL 2352364, at *4.

[95] The Court rounds 8.15 up to 8.2.

[96] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

[97] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 15–16.

[98] *Id.* at 16 (billing on 8/31/2021 for a telephone conference "between Attorney and Client"; billing on 10/19/2021 for the same). *See supra* note 66.

[99] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 15. *See supra* note 65.

[100] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

of "Client Communication,"  and 0.1 hours of "Court Communication."[101]  After a careful and line-by-line review, the Court is excluding the 0.1 hours related to receiving and preparing a response to an email from chambers because this work is clerical and administrative.[102]  The Court concludes that 4.3 hours can reasonably be included in the lodestar calculation.  Multiplied by his reasonable rate of $125, Mr. Brown contributes $537.50 to the overall lodestar.

### 6. Mr. Rauls's Hours

Mr. Rauls claims 7.2 hours for work in *Mitchell*.[103]  These hours are composed of 5.1 hours related to the "Motion to Strike," 0.8 hours related to "Opposing Counsel Communication," 0.7 hours related to discovery, and 0.6 hours related to settlement.[104]  The Court finds that all 2.1 of the hours related to discovery, settlement, and opposing counsel communication can be included in the lodestar calculation.  But for the reasons discussed *supra* Section II.A.1.h, only 0.8 of the 5.1 hours related to the motion to strike can be included in the lodestar calculation.  The other 4.3 hours relate to drafting a response to the motion that was never filed.[105]  And we have no explanation for why the response was not filed. Thus, Mr. Rauls may only claim 2.9 hours for the lodestar calculation.  Multiplied by his reasonable rate of $175, Mr. Rauls contributes $507.50 to the overall lodestar.

### 7. Paralegal's Hours

SLF claims 19.0 hours related to work done by a Paralegal.[106]  The Court does not have concerns with any of the hours related to "Case Management," "Damages Calculations,"

---

[101] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 16–20.

[102] *Id.* at 20. *See supra* note 59.

[103] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

[104] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 8, 13–14, 19.

[105] *Id.* at 8.

[106] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

"Opposing Counsel Communication," or settlement. However, the Court is excluding 1.4 hours related to "Client Communication" and "Collective Management" that are too vague to evaluate.[107] Additionally, for the reasons discussed *supra* Section II.A.1.c, the Court is making a 50% reduction to the 0.5 hours related to "Complaint/Summons/Service." Thus, overall, 17.4 of the Paralegal's hours can be reasonably included in the lodestar calculation.[108] Multiplied by the Paralegal's reasonable rate of $100, the Paralegal contributes $1,740.00 to the overall lodestar.

### 8.    Law Clerk's Hours

SLF claims 8.9 hours related to work done by one of its Law Clerks.[109] These hours are composed of 2.5 hours of work on "Complaint/Summons/Service," 5.2 hours related to "Conditional Certification," and 1.2 hours related to settlement.[110] For the reasons discussed *supra* Section II.A.1.c, the Court will reduce the hours related to "Complaint/Summons/Service" by 50% to 1.3.[111] Additionally, as explained *supra* Section II.A.1.d, the Court will reduce the Law Clerk's hours related to "Conditional Certification" by 50% to 2.6. Thus, only 5.1 of the Law Clerk's hours can be reasonably claimed for the lodestar calculation. Multiplied by the Law Clerk's reasonable rate of $25, the Law Clerk contributes $127.50 to the overall lodestar.

### B.    Reasonable Time in *Liles*

SLF claims 25.4 hours related to work in *Liles*.[112] For the reasons discussed below, the Court finds that only 11.8 hours were reasonably expended. Below the Court specifies the number

---

[107] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 9, 12–13, 15 (for example, billing on 5/20/2021 for "Telephone Conference(s) with client"). *See supra* note 66.

[108] The Court rounds 17.35 to 17.4.

[109] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

[110] Ex. 1 (Billing Spreadsheet - *Mitchell*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-1) at 1, 3, 15–16.

[111] The Court rounds 1.25 to 1.3.

[112] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

of hours reasonably expended by each timekeeper as well as the overall lodestar amount attributable to that timekeeper.

### 1.     Mr. Sanford's Hours

Mr. Sanford claims 3.9 hours for work in *Liles*.[113]   For the reasons that follow, the Court concludes that only 2.0 hours can reasonably be included in the lodestar calculation.  Multiplied by his reasonable rate of $250, Mr. Sanford contributes $500.00 to the overall lodestar.

### a.     Case Management

Mr. Sanford claims 0.4 hours related to "Case Management."[114]   The Court is excluding 0.3 hours that relate to examining short text orders and docket entries because this work is clerical and administrative.[115] Thus, the Court finds that only 0.1 of these hours can reasonably be included in the lodestar calculation.

### b.     Client Communication

Mr. Sanford claims 0.1 hours for "Client Communication."  These hours cannot reasonably be included in the lodestar calculation because the related billing entry is too vague to evaluate.[116]

### c.     Complaint/Summons/Service

Mr. Sanford claims 0.8 hours for work in the "Complaint/Summons/Service" category.[117] For the reasons discussed *supra* Section II.A.1.c, the Court will make a 50% reduction to these hours.  Thus, only 0.4 of these hours can reasonably be included in the lodestar calculation.

---

[113] *Id.*

[114] Ex. 2 (Billing Spreadsheet - *Liles*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-2) at 1, 3.

[115] *Id.* (entries on 5/5/2021 and 6/15/2021).

[116] *Id.* at 1 (billing on 3/31/2021 for "Examination of client correspondence").  *See supra* note 66.

[117] Ex. 2 (Billing Spreadsheet - *Liles*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-2) at 1.

### d.    Conditional Certification

Mr. Sanford claims 0.2 hours for work related to "Conditional Certification."[118]  Brown's argues that SLF should not be able to recover for any time related to conditional certification because no motion for conditional certification was ever filed in *Liles*.[119]  SLF does not make any argument as to why it was reasonable to work on a motion for conditional certification and not file it.  The Court thus concludes that SLF cannot recover fees for any time related to conditional certification in *Liles*.

### e.    In-House Communication

Mr. Sanford claims 1.9 hours for "In House Communication."[120]  After a careful review, the Court concludes that only 1.0 of these hours can reasonably be included in the lodestar calculation.  The entries associated with the other 0.9 hours include conferencing, emailing, and discussing the case with the initials of persons not staffed on this case.[121]

### f.    Opposing Counsel Communication

Mr. Sanford claims 0.4 hours for communications with opposing counsel.[122]  After a careful and line-by-line review, the Court concludes that all 0.4 of these hours can be reasonably included in the lodestar calculation.

### g.    Settlement-Related Work

Mr. Sanford claims 0.1 hours for work related to settlement.[123]  These hours can reasonably be included in the lodestar calculation.

---

[118] *Id.* at 2.

[119] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65) at 13.

[120] Ex. 2 (Billing Spreadsheet - *Liles*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-2) at 1–4, 6.

[121] *Id.* at 1–3. *See supra* note 65.

[122] Ex. 2 (Billing Spreadsheet - *Liles*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-2) at 1–3.

[123] *Id.* at 7.

### 2.      Ms. Harness's Hours

Ms. Harness claims 2.8 hours for work in this case.[124]  Her work includes 0.5 hours for "Client Communication," 1.3 hours for "In-House Communication," 0.4 hours for "Opposing Counsel Communication," and 0.6 hours related to settlement.[125]  The Court is excluding 1.5 hours related to "Client Communication" and "In House Communication" that are too vague to evaluate or contain the initials of persons not staffed on this case.[126]  The Court concludes that only 1.3 hours can reasonably be included in the lodestar calculation.  Multiplied by her reasonable rate of $175, Ms. Harness contributes $227.50 to the overall lodestar.

### 3.      Mr. Brown's Hours

Mr. Brown claims 2.7 hours for work related to this case.[127]  His hours include work related to settlement, "Opposing Counsel Communication," and "Client Communication."[128]  The Court concludes that all 2.7 hours can be included in the lodestar calculation.  Multiplied by his reasonable rate of $125, Mr. Brown contributes $337.50 to the overall lodestar.

### 4.      Ms. Kinney's Hours

Ms. Kinney claims 0.9 hours in this case for work related to the Fee Petition.[129]  The Court is excluding 0.6 hours for time spent making reductions and edits to the billing spreadsheet.[130]  The Court has previously held that time spent reducing unnecessary entries is not reasonably expended

---

[124] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

[125] Ex. 2 (Billing Spreadsheet - *Liles*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-2) at 3, 5–6.

[126] *Id.* (for an example of a vague entry, on 11/16/2021, Ms. Harness billed for a "Conference with SB").  *See supra* notes 65–66.

[127] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

[128] Ex. 2 (Billing Spreadsheet - *Liles*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-2) at 4–7.

[129] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

[130] Ex. 2 (Billing Spreadsheet - *Liles*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-2) at 7.

and thus not compensable.[131]   The Court concludes that only 0.3 of Ms. Kinney's hours can be reasonably included in the lodestar calculation.   Multiplied by her reasonable rate of $175, Ms. Kinney contributes $52.50 to the overall lodestar.

### 5.   Paralegal's Hours

SLF claims 9.2 hours related to work done by a Paralegal.[132]   The Court does not have a concern with any of the hours related to "Damages Calculations," "Opposing Counsel Communication," or settlement.   However, the Court is excluding 2.3 hours of billing entries related to "Client Communication" that are too vague to evaluate.[133]   Additionally, for the reasons discussed *supra* Section II.B.1.d., none of the 2.1 hours related to conditional certification will be included in the lodestar.   And for the reasons discussed *supra* Section II.A.1.c, the Court will make a 50% reduction to the 2.2 hours claimed related to the "Complaint/Summons/Service" category.   Thus, overall, the Paralegal may claim only 3.7 hours for the lodestar calculation.   Multiplied by the Paralegal's reasonable rate of $100, the Paralegal contributes $370.00 to the overall lodestar.

### 6.   Law Clerk's Hours

SLF claims 5.9 hours related to work done by one of its Law Clerks.[134]   The Law Clerk's work in this case related to "Conditional Certification," "Client Communication," and settlement.[135]   The Court is excluding 0.1 hours related to "Client Communication" because the billing entry is too vague to evaluate.[136]   Additionally, for the reasons discussed *supra* Section

---

[131] *Wolfe*, 2022 WL 2352364, at *4.

[132] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

[133] Ex. 2 (Billing Spreadsheet - *Liles*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-2) at 3–7 (for example, on 8/5/2021, the paralegal billed for composing a "correspondence to Client re status update").  *See supra* note 66.

[134] Ex. 3 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-3) ¶ 18.

[135] Ex. 2 (Billing Spreadsheet - *Liles*) to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-2) at 2–3.

[136] *Id.* at 3 (entry on 6/1/2021). *See supra* note 66.

II.B.1.d., none of the 4.0 hours related to conditional certification will be included in the lodestar calculation.  Thus, only 1.8 of the Law Clerk's hours can be reasonably included in the lodestar calculation.  Multiplied by the Law Clerk's reasonable rate of $25, the Law Clerk contributes $45.00 to the overall lodestar.

### III.    Lodestar Total

Adding everyone's contribution to the lodestar in *Mitchell* gives us a total of $9,795.00. The chart below provides more detailed information on the Court's lodestar calculation.

| Billing Individual | Reasonable Rate | Reasonable Hours | Reasonable Fee |
|---|---|---|---|
| Blake Hoyt | $125.00 | 19.3 | $2,412.50 |
| Courtney Harness | $175.00 | 3.4 | $595.00 |
| Josh Sanford | $250.00 | 7.8 | $1,950.00 |
| Law Clerk | $25.00 | 5.1 | $127.50 |
| Paralegal | $100.00 | 17.4 | $1,740.00 |
| Samuel Brown | $125.00 | 4.3 | $537.50 |
| Steve Rauls | $175.00 | 2.9 | $507.50 |
| Vanessa Kinney | $175.00 | 11.0 | $1,925.00 |
| Total | | 71.2 | $9,795.00 |

Adding everyone's contribution to the lodestar in *Liles* gives us a total of $1,532.50.  The chart below provides more detailed information on the Court's lodestar calculation.

| Billing Individual | Reasonable Rate | Reasonable Hours | Reasonable Fee |
|---|---|---|---|
| Courtney Harness | $175.00 | 1.3 | $227.50 |
| Josh Sanford | $250.00 | 2.0 | $500.00 |
| Law Clerk | $25.00 | 1.8 | $45.00 |
| Paralegal | $100.00 | 3.7 | $370.00 |
| Samuel Brown | $125.00 | 2.7 | $337.50 |
| Vanessa Kinney | $175.00 | 0.3 | $52.50 |
| Total | | 11.8 | $1,532.50 |

Together, this gives us a total lodestar of $11,327.50.

24

Brown's argues that the overall reward should be further reduced because of Plaintiffs' limited success.[137]  And it is true that "the most critical factor in determining the reasonableness of a fee award is the degree of success attained."[138]  Plaintiffs settled both *Liles* and *Mitchell* for a total of $2,500.00 ($1,250.00 each).[139]  Dividing this total dollar figure by the fourteen recovering plaintiffs in these two cases equals an average recovery of $178.57 per plaintiff.  Considering the allegations in the Complaint, this settlement value is a fraction of the damages Plaintiffs sought. For example, the Complaint alleges that Plaintiffs Huskey and Lunnie worked as many as 90 hours per week but were paid $650.00 or less during those weeks.[140]  If that allegation were true for even one week, Brown's would be liable for $270.00 in damages for each Plaintiff for that week alone.[141]  And, of course, Plaintiffs were claiming improper payments that allegedly went on for weeks, months, or years.[142]

---

[137] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65) at 9–12.  *See Hensley* 461 U.S. at 436–37 (the district court may "reduce the award to account for limited success"); *see, e.g., Huffman v. Assoc. Mgmt. Ltd.*, No. 4:20-CV-01296-BRW, 2021 WL 3122338, at *7 (E.D. Ark. July 22, 2021) (reducing SLF's requested fees partly because of plaintiff's limited success).

[138] *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (internal quotation marks omitted).

[139] Ex. 1 to Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65-1).

[140] Am. Compl. (Doc. 60) ¶ 37.

[141] Recall that this case is both an FLSA and AMWA case.  Accordingly, for damages purposes, the higher minimum wage and overtime rate of the two laws would apply—if there was an inconsistency.  The FLSA sets the minimum wage at $7.25 per hour.  *See* 29 U.S.C. § 206.  The AMWA set the minimum wage at $8.00 in 2016, $8.50 in 2017, and $9.25 in 2019.  *See* Ark. Code Ann. § 11-4-210.  Both statutes provide that compensation over 40 hours per week must be at a rate not less than one and one-half times the regular rate of pay for that employee.  29 U.S.C. § 207; Ark. Code Ann. § 11-4-211.

To make this example as SLF-friendly as possible, the Court assumes that the 2016 AMWA minimum wage of $8.00 applies.  At that rate, Brown's would need to pay Plaintiffs $320.00 for the first 40 hours worked.  For the next 50 hours, Brown's would need to pay an additional $600.00 ($12.00 overtime wage multiplied by 50 hours), for a total of $920.00.  That is $270.00 higher than the $650.00 Plaintiffs claim they were paid.

[142] *See generally* Compl. (Doc. 1); Ex. 7 (Decl. of Michael Mitchell) to Pls.' Mot. for Conditional Certification (Doc. 10-7); Ex. 8 (Decl. of Kalin Huskey) to Pls.' Mot. for Conditional Certification (Doc. 10-8).  The Court cites the original Complaint here as opposed to the First Substituted and Amended Complaint because the Court is comparing what the Plaintiffs originally sought with what they ultimately received.

Even if this settlement is not technically a nuisance settlement,[143] Brown's is right that the relative smallness of the settlement warrants further reduction of the lodestar.[144] The Court will reduce the overall fee award by 75% in light of Plaintiffs' extremely limited success.[145]  Thus, the total fee award will be $2,831.88.

## IV.    Costs

SLF seeks a total of $996.50 in costs—$594.50 in costs for *Mitchell* and $402.00 in costs for *Liles*.[146]  Specifically, in *Mitchell*, SLF seeks $400.00 for a filing fee, $50.00 for a service fee, $73.70 for postage, $60.80 for copying, and $10.00 for "TLO."[147]  In *Liles*, SLF seeks $402.00 for a filing fee.[148]

Brown's does not object to the filing fees in *Mitchell* or *Liles*.  Nor does Brown's object to the service fee in *Mitchell*.[149]  Brown's does object to the $10.00 for "TLO," because Brown's is unsure what "TLO" means.[150]  Further, Brown's objects to the $73.70 of postage costs.[151]  Brown's argues that a portion of these costs relates to soliciting opt-in plaintiffs who did not participate in

---

[143] *See Tyler v. Corner Const. Corp., Inc.*, 167 F.3d 1202, 1206 (8th Cir. 1999).  Brown's argues that this is a nuisance settlement, and so SLF should not get any fees.  But given *Tyler*, this Court cannot agree; Plaintiffs' case was not "frivolous or groundless," as *Tyler* uses those terms.  Whether *Tyler* applies the correct standard is a matter for the Eighth Circuit to decide.

[144] *Hensley*, 461 U.S. at 436–37 (the district court may reduce the award to account for limited success); *see e.g., Huffman*, 2021 WL 3122338, at *7 (reducing SLF's requested fees partly because of plaintiff's limited success).

[145] Some of the *Johnson* factors, *see supra* note 34, also counsel in favor of this reduction.  For example, this case did not involve novel and difficult questions, nor was significant skill required to perform the legal service properly.  For another example, there is no suggestion that this case precluded SLF from taking any other case.  For a third example, the time and labor required was not significant, even if all the hours SLF billed were appropriate.  And none of the *Johnson* factors really push back in the other direction.

[146] Ex. 4 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-4); Ex. 5 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-5).

[147] Ex. 4 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-4).

[148] Ex. 5 to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 63-5).

[149] It doesn't appear there were service-related fees in *Liles*.

[150] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 65) at 19.

[151] *Id.*

the settlement.[152]   Additionally, Brown's argues that entries related to $9.95 of postage costs merely state "Postage" without specifying the usage of such postage.[153]   Similarly, Brown's objects to $20.00 worth of copying costs because these entries are merely for "Copying" without specifying what was being copied.[154]

The Court agrees that the entries of $10.00 for "TLO," $9.95 for "Postage," and $20.00 for "Copying," are impermissibly vague and thus not recoverable.  However, the Court does not agree that any further reduction needs to be made related to soliciting opt-in plaintiffs who did not participate in the settlement.  It is not clear that SLF's costs request even includes postage related to soliciting opt-ins who did not participate in the settlement.  But even if it did, such costs are part of the normal costs associated with a collective action and are thus reasonably incurred.  Ultimately, after subtracting out the vague entries, SLF is entitled to $956.55 in costs.

## CONCLUSION

The Court awards SLF $2,831.88 in attorneys' fees and $956.55 in costs.  Plaintiffs' Motion for Costs and Attorneys' Fees is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 29th day of March 2023.


_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[152] *Id.*

[153] *Id.*

[154] *Id.*